UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL GOODWIN,<br><br>                              Plaintiff,<br><br>-against-<br><br>BRONX FAMILY COURT; XALETA COPELAND; PAUL RYNESKI,<br><br>                              Defendants. | 1:24-CV-4103 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Paul Goodwin, of Conyers, Georgia, who is appearing *pro se*, brings this action under the court's federal question jurisdiction, asserting that his "right[s] to due process under the Fifth and Fourteenth Amendments were violated depriving [him of] beneficial interest in [his] property resulting in erroneous enforcement actions." (ECF 1, at 3.) Plaintiff sues: (1) "Bronx Family Court," which the Court understands to be the New York Family Court, Bronx County ("Family Court"); (2) Xaleta Copeland, who appears to be or have been a petitioner in a Family Court matter in which Plaintiff also appears to be or have been a party; and (3) Paul Ryneski, a Support Magistrate of the Family Court. Plaintiff seems to seek damages and injunctive relief. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983.

By order dated June 3, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

BACKGROUND

Plaintiff alleges the following: On April 3, 2024, in the Family Court,

> I submitted documentation asking to proceed in Equity. These documents consist of a Notice of Priority Interest, Notice of Appointment, Notice of Subrogation and Substitution along with a Special Deposit and a letter of Instruction.
>
> Since the proceeding started al[l] appeared by Special Visitation as a Private Citizen (Natural Man) as the Authorized Representative and the Beneficiary (Grantor) invoking my right to Equitable Subrogation. On November 14, 2024 my special deposit was accepted by the Clerk of the Court along with a letter of instruction directing them to apply the funds to the account and exonerate me as the Surety.
>
> The Support Magistrate stated that he does not have the authority to grant me my right to subrogation and never applied the funds to the account and a judgement was put in as a result.

(ECF 1, at 5.)

Plaintiff also alleges that: "[m]y constitutional rights to Due Process w[ere] violated because of the mishandling of funds depriving me [of] beneficial interest in my property resulting in a money judgement and a request for 30 days jail time." (*Id.*)

Plaintiff requests the following relief:

> [g]rant my equitable right to subrogation and substitution concerning all transactions ab initio of the Principal Debtors. To discharge and extinguish the liens, and obligations against Debtor and Subrogee, [also] reimbursement of all cheques, chat[t]els, rights, titles and interest from the entire court transaction otherwise it would be an Unjust Enrichment and a Breach of Trust.

(*Id.*)

DISCUSSION

**A.    Family Court**

Plaintiff's claims under Section 1983 against the Family Court are barred by the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d

3

355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

Congress has not abrogated the States' immunity from claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Moreover, the Family Court is an arm of the State of New York and enjoys Eleventh Amendment immunity. *See Gollomp*, 568 F.3d at 368 (the New York State court system enjoys Eleventh Amendment immunity); *Genao v. N.Y. Cnty., Fam. Ct.*, No. 1:19-CV-5289 (CM), 2019 WL 5537925, at *2-3 (S.D.N.Y. Oct. 25, 2019) (a New York Family Court enjoys same); *Murray v. Thompson*, No. 17-CV-7004 (VB), 2018 WL 5113955, at *4 (S.D.N.Y. Oct. 19, 2018) (same); *Davis v. Westchester Cnty. Fam. Ct.*, No. 16-CV-9487 (KMK), 2017 WL 4311039, at *6 (S.D.N.Y. Sept. 26, 2017) (same); *Wrobleski v. Bellevue Hosp.*, No. 13-CV-8736 (WHP), 2015 WL 585817, at *2 (S.D.N.Y. Jan 30, 2015) (same).

Accordingly, the Court dismisses Plaintiff's claims under Section 1983 against the Family Court under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction and because Plaintiff seeks monetary relief from a defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked

subject matter jurisdiction."); *Atl. Healthcare Benefits Tr. v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

**B.    Support Magistrate Paul Ryneski**

The Court must also dismiss Plaintiff's claims under Section 1983 against Family Court Support Magistrate Paul Ryneski under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from suit for damages in their individual capacities for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action outside his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of all jurisdiction." *Mireles,* 502 U.S. at 11-12; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

New York Family Court Support Magistrates, as New York State judicial officers, enjoy this judicial immunity when presiding over child support proceedings. *See Arce v. Turnbull*, No.

21-642, 2021 WL 5816687 (2d Cir. Dec. 8, 2021) (summary order); *Chris H. v. New York*, 764 F. App'x 53, 55 (2d Cir. 2019) (summary order) (affirming district court's holding that Support Magistrate Ryneski enjoys judicial immunity); *Legister v. Radowitz*, No. 20-CV-9330 (LLS), 2020 WL 7405672, at *5 (S.D.N.Y. Dec. 16, 2020); *Charles v. Lopez*, No. 19-CV-8706 (CM), 2019 WL 5261154, at *2 (S.D.N.Y. Oct. 15, 2019); *Roger of the Fam. Forest v. 45 C.F.R. § 75.2 IV-D Contractor Steve Banks*, No. 18-CV-10866 (CM), 2019 WL 4194332, at *4 (S.D.N.Y. Aug. 30, 2019) (collecting other district court cases within the Second Circuit).

Plaintiff appears to assert claims under Section 1983 against Support Magistrate Ryneski arising from his actions and/or rulings in Family Court child support proceedings in which Plaintiff is or was a party. Plaintiff, however, fails to allege any facts showing that, in taking those actions and/or making such rulings, Support Magistrate Ryneski acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Support Magistrate Ryneski for "acts arising out of, or related to, individual cases before" him, *Bliven*, 579 F.3d at 210, the doctrine of judicial immunity applies to Plaintiff's claims under Section 1983 against Support Magistrate Ryneski. The Court therefore dismisses these claims under the doctrine of judicial immunity,[1] and consequently, because Plaintiff seeks monetary relief from a defendant who is immune from such relief, *see* § 1915(e)(2)(B)(iii), and as these claims are frivolous, *see* § 1915(e)(2)(B)(i); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir.

---

[1] The amendment to Section 1983, allowing for injunctive relief against a judge only if a state court declaratory decree was violated or state court declaratory relief is unavailable, precludes Plaintiff from seeking injunctive relief against Support Magistrate Ryneski. This is so because Plaintiff can seek review of Support Magistrate Ryneski's actions and/or rulings in the New York State courts. *See* N.Y. Family Court Act §§ 439(e), 1112; N.Y.C.P.L.R. § 5602(a)(1), (b)(2); *see generally Berlin v. Meijia*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. Apr. 18, 2018) (effective May 18, 2018).

2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

**C.     Xaleta Copeland**

The Court must further dismiss Plaintiff's claims under Section 1983 against Xaleta Copeland. To state a claim of federal constitutional violations under Section 1983, a litigant must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). "The traditional definition of acting under color of state law requires that the defendant . . . exercise[ ] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks and citation omitted). "Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under Section 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted). Private parties generally are not state actors and, therefore, are not usually liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

To the extent that Plaintiff asserts claims under Section 1983 against Copeland, who appears to be or have been a petitioner in a Family Court matter in which Plaintiff also appears to be or have been a party, Plaintiff alleges no facts showing that Copeland has been a state actor when she has allegedly violated Plaintiff's federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against Copeland for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

D.        **The domestic relations abstention doctrine**

In 1990, in *American Airlines, Inc. v. Block*, the United States Court of Appeals for the Second Circuit instructed federal district courts to abstain from exercising federal question jurisdiction of claims involving domestic relations issues, so long as those claims could be fully and fairly determined in the state courts. *See* 905 F.2d 12, 14 (2d Cir. 1990). For example, a federal district court should abstain from exercising its federal question jurisdiction of claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Id.* (internal quotation marks and citation omitted). Thus, this abstention doctrine applies when a federal district court is asked, under its federal question jurisdiction, to determine child support or modify a previously determined child support amount set by a state court. *See id.*; *Legister*, 2020 WL 7405672, at *4 ("Plaintiff asserts claims under the Court's federal-question jurisdiction and asks this Court to overturn or 'dismiss and void' final determinations of the New York Family Court. . . . He challenges the fact that he must pay child support, the amount owed, and that his income is being garnished to pay his child-support arrears. His claims therefore involve domestic-relations issues. Thus, unless he shows that there is an obstacle that prevents him from receiving a full and fair determination of those issues in the state courts, this Court must abstain from exercising its federal-question jurisdiction over his claims arising from the Family Court's orders and judgments and their enforcement."); *Mayers v. Sara Lee Corp.*, No. 08-CV-1421, 2009 WL 10706711, at *10 (E.D.N.Y. Apr. 13, 2009) ("As in *American Airlines*, the income execution for which enforcement is sought consists of an ongoing support obligation that is subject to modification by the Family Court. Enforcement by this court would thus require interference with the ability of the Family Court to modify ongoing child support obligations, and abstention would be mandated here for the same reasons it was required as to the non-final judgment amounts in *American Airlines*."). More recently, the Second Circuit,

in *Deem v. DiMella-Deem*, held that its own previous holding in *American Airlines* remains good law. 941 F.3d 618, 621 (2d Cir. 2019).

Plaintiff alleges nothing to suggest that his claims regarding his child support obligations cannot be fully and fairly determined within the state courts. Thus, notwithstanding the Court's dismissal of Plaintiff's claims above, to the extent that Plaintiff asserts claims for injunctive relief, under the court's federal question jurisdiction, including under Section 1983, in which he asks the Court to determine his child support obligations or modify his child support payments as previously set by the Family Court, the Court dismisses those claims under the domestic relations abstention doctrine.

### E.     Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:   September 9, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                         Chief United States District Judge